# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WALTER GADRINAB SUMAJIT, MELTHIE CONDE SUMAJIT, NIJAH CONDE SUMAJIT and JESAH CONDE SUMAJIT**<br>IO WINDING LANE<br>GREENWICH, CT 06831<br><br>**Plaintiffs**<br><br>-against-<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** A government agency.<br>111 Massachusetts Avenue NW<br>Washington, D.C. 20529<br><br>**Defendant** | **Civil Action No.**<br><br>**COMPLAINT** |

1. This is an action brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.*, by plaintiffs, Walter Gadrinab Sumajit, his wife, Melthie Conde Sumajit, and their children, Nijah Conde Sumajit and Jesah Conde Sumajit, against the defendant, the United States Citizenship and Immigration Services (USCIS), asking the Court to hold unlawful and set aside the agency's decisions of August 21, 2019 in File Nos. A209-067-128 / LIN 1990120492; A219-071-410 / LIN 1990120496, A219-071-409 / LIN1990120494 and A219-071-411 / LIN1990120498, respectively, denying their applications for adjustment of status (Forms I-485) solely on the grounds that Walter Sumajit was out of status for over 180 days at the time he filed his application. Inasmuch as the agency's decisions are directly contrary to its own regulation and binding interpretations of the same, the denial of each of the plaintiffs' applications are not in accordance with law and so should be held unlawful and set aside.

## DESCRIPTION OF THE PARTIES

2. Walter Gadrinab Sumajit, Melthie Conde Sumajit, Nijah Conde Sumajit and Jesah Conde Sumajit (the Sumajits) are all citizens and nationals of the Philippines, residing in Greenwich, Connecticut. They have no criminal records, have never received public assistance, and the only time any of them has failed to maintain a lawful status in the U.S., it was only, as a matter of law and USCIS policy, "through no fault of his or her own or for technical reasons".

3. Melthie Conde Sumajit is Walter Gadrinab Sumajit's wife, Exhibit C at 4, and Nijah Conde Sumajit and Jesah Conde Sumajit are their children. Id. at 8.

4. Walter Gadrinab Sumajit is the beneficiary of an approved immigrant visa petition classifying him under 8 U.S.C. § 1153(b)(2)(A) as a member of the professions holding an advanced degree.

5. This classification was issued to him in material part upon the certification of the Secretary of Labor that "there are not sufficient U.S. workers available" for the permanent, full time position of Computer Systems Analyst offered to him by a U.S. employer, and that "the employment of (him) will not adversely affect the wages and working conditions of workers in the U.S. similarly employed." 8 U.S.C. § 1182(a)(5)(A).

6. The defendant United States Citizenship and Immigration Services is an agency within the Department of Homeland Security with, among other things, responsibility for the adjudication of applications for adjustment of status by foreign nationals such as the Sumajits to obtain lawful permanent resident status in the United States. It resides in the District of Columbia.

## JURISDICTION

7. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## VENUE

8. This Court has venue over this matter under 28 U.S.C. § 1391(e)(1)(A) in that the defendants reside in this judicial district.

## STANDING

9. The Sumajits all have a legally protected interest in a decision by the USCIS on their applications for adjustment of status which is in accordance with law and (1) the invasion of this right has caused them concrete and particularized injury in that as a result of this invasion they have been barred from even being considered for lawful admission to the United States for permanent residence in the USCIS's discretion;  (2) there is a causal connection between the

injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of the plaintiffs' applications for adjustment of status which prevents them from being considered for permanent residency and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give them an opportunity to apply for permanent residence which they are currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury), *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain). Accordingly, the plaintiffs have standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## BRIEF NARRATIVE OF PERTINENT FACTS

10. On August 21, 2019 the USCIS issued decisions denying each of the Sumajits' applications for adjustment of status.

11. Walter Sumajit's application was denied because:

> A review of your application or USCIS records shows that after your last admission on April 12, 2011, you failed to maintain, continuously, a lawful status or otherwise violated the terms and conditions of your admission. Specifically, you did not maintain status from January 19, 2018 until you filed your Form I-485 on November 21, 2018. In correspondence from this office dated May 22, 2019, you were requested to submit evidence of all lawful status or employment authorization granted to you from April 12, 2011 until November 21, 2018. In response, you provided your Form I-94, Form I-539 receipt and approval notices, and your Form I-485 receipt notice. However, your Form I-539 filed on January 9, 2018 was withdrawn on December 6, 2018. USCIS has thoroughly reviewed the evidence of record, including your response. The record shows that the aggregate period in which you failed to maintain a lawful status or violated the terms and conditions of your admission exceeds the 180 day maximum excusable under INA 245(k).

... As such, you (are) an alien restricted from adjusting as described under INA 245(c)(2), (7) or (8) and this application may not be approved.

12. The applications for adjustment of status filed by the other Sumajits were denied solely because Walter Sumajit's application was so denied, inasmuch as their eligibility for adjustment of status was dependent solely upon his, as his spouse and children. 8 U.S.C. § 1153(d).

13. This action ensued.

I. THE USCIS'S DENIAL OF WALTER SUMAJIT'S APPLICATION FOR ADJUSTMENT OF STATUS WAS NOT IN ACCORDANCE WITH LAW BECAUSE THE TIME WHICH HE SPENT WAITING FOR A DECISION ON HIS TIMELY FILED APPLICATION FOR EXTENSION OF STAY DID NOT COUNT TOWARD THE 180 DAY § 1255(K) LIMIT

14. 8 U.S.C. § 1255(k) provides that:

An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4)) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if--

(1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;
(2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days--
(A) failed to maintain, continuously, a lawful status;
(B) engaged in unauthorized employment; or
(C) otherwise violated the terms and conditions of the alien's admission.

15. However, the USCIS Policy Manual[1] also states in material part that:

---

[1] Online at https://www.uscis.gov/policymanual/HTML/PolicyManual.html.

The following situations do not count toward the 180-day limit[2]

- Any time period of unlawful status that USCIS determines was the result of a " through no fault of his or her own or for technical reasons; (citing 8 CFR § 245.2(d)(2)).

16. Further, 8 CFR § 245.2(d)(2)) provides in relevant part that:

    No fault of the applicant or for technical reasons. The parenthetical phrase other than through no fault of his or her own or for technical reasons shall be limited to: …

    **(ii)** A technical violation resulting from inaction of the Service (as for example, where an applicant establishes that he or she properly filed a timely request to maintain status and the Service has not yet acted on that request). …

17. Here, Walter Sumajit's failure to maintain status during the pendency of his properly and timely filed application for extension of his nonimmigrant status was "through no fault of his …. own or for technical reasons" inasmuch as it resulted from the inaction of the USCIS in failing to adjudicate his application for extension of stay prior to the filing of his application for adjustment of status.

18. Accordingly, from January 19, 2018 until November 21, 2018, Walter Sumajit was out of status solely because the USCIS had not yet acted upon his properly and timely filed application for extension of stay.

19. Therefore, as expressly provided in 8 C.F.R. § 245.1(d)(2)(ii), Walter Sumajit was out of status " through no fault of his … own or for technical reasons" during this period and so, pursuant to the USCIS Policy Manual[3], this time did not count towards the 180 day period referred to in 8 U.S.C. § 1255(k)(2).

---

[2] Of 8 U.S.C. § 1255(k)(2).
[3] Section 3.4 of the USCIS's Adjudicator's Field Manual, online at https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1.html provides that: "3.4 Adherence to Policy.

20. Disregarding this time, Walter Sumajit was never out of status for the purposes of 8 U.S.C. § 1255(k)(2) prior to filing his application for adjustment of status .

21. As a consequence, the USCIS's decision denying Walter Sumajit's application for adjustment of status because he was purportedly out of status more than 180 days for the purposes of 8 U.S.C. § 1255(k)(2) was not in accordance with law.

22. Likewise, inasmuch as Melthie Conde Sumajit's, Nijah Conde Sumajit's and Jesah Conde Sumajit's applications for adjustment of status were also denied only because Walter Sumajit's was, the denial of their applications for adjustment of status was not in accordance with law either.

23. 5 U.S.C. § 706(2) provides in material part that:
    To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
    **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
    **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
    **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

---

(a) Distinction between Correspondence and Policy. …Policy material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy, either specifically or by application of more recent policy material. Examples of policy materials are:
• Statutes and regulations (*e.g*. INA and 8 CFR)
• Field and Administrative Manuals"
Accordingly, the USCIS Policy Manual is material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy.

WHEREFORE this Court should hold unlawful and set aside each of the USCIS's decisions denying the Sumajits' applications for adjustment of status.

FURTHERMORE, inasmuch as the agency, through its unlawful actions, has withheld and unreasonably delayed a lawful decision in this matter, the Court should compel it to decide this matter in accordance with the law in no less than fifteen (15) days from the date of the denial of the Sumajits' applications for adjustment of status being set aside.

Respectfully Submitted

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway Ste 307
New York, NY 10007
Phone 646-845-9895
Fax 206-770-6350